## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JASON SPRADLIN, as Personal Representative
of the Wrongful Death Estate of DOUGLAS A.
SPRADLIN JR., deceased,

       Plaintiff,

v.                                           Civil Action No. _____

THI OF BALTIMORE, INC., FUNDAMENTAL
LONG TERM CARE HOLDINGS, L.L.C. nka
HUNT VALLEY HOLDINGS, L.L.C.,
MURRAY FORMAN, LEONARD GRUNSTEIN,
THI OF NEWMEXICO, L.L.C.,
THI OF NEW MEXICO AT
HOBBS CENTER, L.L.C., FUNDAMENTAL
ADMINISTRATIVE SERVICES, L.L.C., and
FUNDAMENTAL CLINICAL CONSULTING, L.L.C.,

       Respondents.

### PETITION FOR ORDER COMPELLING ARBITRATION; CONSOLIDATING ACTIONS AND APPOINTING ARBITRATOR

Petitioner Jason Spradlin petitions this Court for an order compelling Respondents

THI of Baltimore, Inc. ("THIB"), Fundamental Long Term Care Holdings, L.L.C. nka

Hunt Valley Holdings, L.L.C. ("FLTCH"), Murray Forman ("Forman"), Leonard

Grunstein ("Grunstein"), THI of New Mexico, L.L.C., THI of New Mexico at Hobbs

Center, L.L.C., Fundamental Administrative Services, L.L.C., and Fundamental Clinical

Consulting, L.L.C. to arbitrate the claims asserted in the First Judicial District Court,

State of New Mexico, Case No. D-101-CV-201102107 (a copy of the Complaint is

attached as Exhibit A) on the following grounds:

### JURISDICTION AND VENUE

1.      This Court has diversity jurisdiction under 28 U.S.C. § 1332 as the matter in

controversy exceeds $75,000 and is between citizens of different states.

2.      Venue is proper in the District of New Mexico under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## **FACTUAL ALLEGATIONS**

3.      Douglas A. Spradlin Jr. was a resident of the nursing home known as Hobbs Healthcare Center in Hobbs, New Mexico from approximately August 31, 2006 to March 6, 2009.

4.      On August 31, 2006, Douglas A. Spradlin Jr. as resident and his daughter Melissa Hardy as fiduciary party entered into an admission contract (a copy of which is attached as Exhibit B) with Hobbs Healthcare Center, which states as follows in Part VI:

> Pursuant to the Federal Arbitration Act, any action, dispute, claim, or controversy of any kind (*e.g.*, whether in contract or in tort, statutory or common law, legal or equitable, or otherwise) now existing or hereafter arising between the parties in any way arising out of, pertaining to or in connection with the provision of healthcare services, any agreement between the parties, the provision of any other goods or services by the Health Care Center or other transactions, contracts or agreements of any kind whatsoever, any past, present or future incidents, omissions, acts, errors, practices, or occurrence causing injury to either party whereby the other party or its agents, employees or representatives may be liable, in whole or in part, or any other aspect of the past, present, or future relationships between the parties shall be resolved by binding arbitration administered by the National Health Lawyers Association (the "NHLA").

5.      At all relevant times, Respondents THIB, FLTCH, Forman, Grunstein, THI of New Mexico, L.L.C., THI of New Mexico at Hobbs Center, L.L.C., Fundamental Administrative Services, L.L.C., and Fundamental Clinical Consulting, L.L.C. owned, operated, and/or managed the nursing home and furthermore participated in, authorized, and/or directed the conduct of the nursing home and its respective agents and employees.

6.     On June 29, 2011, Petitioner as personal representative of Douglas A. Spradlin Jr.'s wrongful death estate brought an action against Respondents THIB, FLTCH, Forman, Grunstein, THI of New Mexico at Hobbs Center, L.L.C., and THI of New Mexico, L.L.C. (Spradlin I, First Judicial District Court, State of New Mexico, Case No. D-101-CV-201102107.) The latter two parties successfully brought a federal court action (Case Number: 2:11-cv-00792-MV/LAM also referred to herein as Spradlin II) to compel arbitration (which complaint to compel arbitration is attached as Exhibit C), leaving THIB, FLTCH, Forman, and Grunstein in the stayed state court action.

7.     On March 8, 2012, Petitioner filed suit against Fundamental Administrative Services, L.L.C., Fundamental Clinical Consulting, L.L.C. and Jaime Andujo in New Mexico State Court. That action was successfully removed to federal court by the Defendants (Case Number: 2:12-cv-00471-JCH-CG and also referred to herein as Spradlin III). Once removed to federal court, Defendants' motion to compel that case to arbitration was granted.

8.     Spradlin I, Spradlin II and Spradlin III stem from identical facts and injuries, namely the substandard care that Douglas Spradlin received while a resident at Hobbs Healthcare Center.

9.     On September 17, 2014, Plaintiff's counsel requested in a letter to defense counsel (attached as Exhibit D) that Petitioner's claims against Respondents be arbitrated and that all of Petitioner's claims be consolidated into a single arbitration since all the claims stem from identical facts and injuries.

10.     On September 23, 2014, defense counsel in an email (attached as Exhibit E) refused to agree to arbitrate Petitioner's claims against all of the Respondents in a single

proceeding.

11.     The parties have heretofore been unable to agree on an arbitrator.

## PARTIES

12.     Petitioner is an Arizona citizen and is the personal representative of Douglas A. Spradlin Jr., who was at his death and at all relevant times a New Mexico resident.

13.     Respondent THIB has successfully maintained the position that it is and at all relevant times has been a corporation duly organized and existing under the laws of Delaware with its principal place of business in Maryland. THIB is a defendant in the Spradlin I state action.

14.     Respondent FLTCH has successfully maintained the position that it is and at all relevant times has been a limited liability company duly organized and existing under the laws of Delaware with its principal place of business upon information and belief in Delaware. FLTCH is a defendant in the Spradlin I state action.

15.     Respondent Forman is and at all relevant times has been a citizen of New York. Forman is a defendant in the Spradlin I state action.

16.     Respondent Grunstein is and at all relevant times has been a citizen of New Jersey. Grunstein is a defendant in the Spradlin I state action.

17.     Respondent THI of New Mexico, L.L.C. is a Delaware limited liability company with its primary place of business in Maryland. THI of New Mexico L.L.C. is a plaintiff in Spradlin II.

18.     THI of New Mexico at Hobbs Center, L.L.C. is a Delaware limited liability company with its primary place of business in Maryland. THI of New Mexico at Hobbs Center, L.L.C. is a plaintiff in Spradlin II.

19.    Fundamental Administrative Services, L.L.C. is a Delaware limited liability company with its principal place of business upon information and belief in Maryland. Fundamental Administrative Services, L.L.C. is a defendant in Spradlin III.

20.    Fundamental Clinical Consulting, L.L.C. is a Delaware limited liability company with its principal place of business upon information and belief in Maryland. Fundamental Clinical Consulting, L.L.C. is a defendant in Spradlin III.

## **REQUEST FOR RELIEF**

The foregoing agreement to arbitrate is enforceable by this Court pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., which specifically authorizes this Court, upon this petition, to enter an order directing that arbitration proceed in the manner provided for in the arbitration agreement. See 9 U.S.C. § 4. (The federal courts in Spradlin II and Spradlin III have already determined that the arbitration agreement proffered by Respondents is binding and enforceable with respect to the claims arising out of Douglas A. Spradlin Jr.'s residency at THI of New Mexico at Hobbs Center.)

This Court is further authorized, pursuant to 28 U.S.C. § 2201(a), to enter a declaratory judgment that Respondents are required to abide by the foregoing agreement to arbitrate, and are prohibited from further prosecuting their claims in state court.

If necessary, this Court is authorized to enter an order staying the state court lawsuit pursuant to 28 U.S.C. § 2283 to effectuate the policies underlying the Federal Arbitration Act.

Finally, pursuant to 9 U.S.C. § 5, the Court is authorized to appoint an arbitrator over this case.

WHEREFORE, Petitioner requests that the Court:

A. Order Respondents to submit themselves to arbitration in accordance with the arbitration agreement provided above; and

B. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that Respondents are required to participate in arbitration of the claims against them now pending in state court; and

C. Order that Spradlin I, Spradlin II, and Spradlin III be consolidated into a single arbitration; and

D. If necessary, enter an order pursuant to 28 U.S.C. § 2283 that the state court lawsuit be stayed pending completion of the arbitration; and

E. Appoint an arbitrator over this case pursuant to 9 U.S.C. § 5.

Dated: December 4, 2014

                                 Respectfully submitted,

                                 WILKES & McHUGH, P.A.

                         By:    /s/ Mary Ellen Spiece
                                 Mary Ellen Spiece, Esq. (NM 118012)
                                 2355 E. Camelback Road, Suite 910
                                 Phoenix, AZ 85016
                                 Telephone:    (602) 553-4552
                                 Facsimile:    (602) 553-4557
                                 mspiece@wilkesmchugh.com